IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:06-cr-9-BO-1
No. 7:19-cv-159-BO

| | |
|---|---|
| CORY A. GARRIES, | ) |
| Petitioner, | ) |
| | )     O R D E R |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [DE 93]. The government has moved to dismiss the petition [DE 100]. For the reasons discussed below, petitioner's motion [DE 93] is DENIED. The government's motion [DE 100] is GRANTED.

## BACKGROUND

The Court briefly recounts the underlying facts of this case as they are necessary context for the instant motion.

Petitioner befriended victim, a military dependent living at Marine Corps Base, Camp Lejeune. They began a sexual relationship and petitioner moved in with victim. Victim's husband was deployed abroad at the time. During the holiday season of 2005, the two took a trip to New York to visit petitioner's family. During this trip, petitioner became physically and sexually abusive towards victim. He took victim's purse, keys, and cell phone during the trip as a means to exercise control over her. Upon returning to Camp Lejeune in January 2006, victim told petitioner that he needed to vacate her residence. In response, petitioner physically beat and sexually assaulted her.

On January 17, 2006, a criminal complaint was filed against petitioner alleging

aggravated sexual abuse, in violation of 18 U.S.C. § 2241. On February 9, 2006, a grand jury returned a six-count indictment against petitioner, which included three counts of aggravated sexual abuse, one count of kidnapping, and two counts of assault within the special maritime and territorial jurisdiction of the United States. On September 18, 2006, petitioner waived an indictment and pleaded guilty to one count of sexual abuse, in violation of 18 U.S.C. § 2242. Petitioner was sentenced to 240 months' imprisonment.

On May 20, 2019, petitioner filed a motion with the Fourth Circuit, seeking authorization to file a second or successive § 2255 motion, pursuant to 28 U.S.C. § 2244. On June 5, 2019, the Fourth Circuit issued an order denying petitioner's motion on the grounds that he had not yet filed an initial § 2255 motion and was able to raise his claim in a § 2255 motion without permission from the court.

On August 21, 2019, petitioner filed the instant § 2255 motion challenging his conviction on the grounds that he is actually innocent. Petitioner raises an ineffective assistance of counsel claim, arguing that he pleaded guilty only because he was repeatedly advised by his attorneys that he stood no chance of being found innocent at trial because of his race, and that, he would almost certainly receive a life sentence if convicted at trial. Moreover, petitioner claims his attorneys failed to follow-up with potential witnesses, interviewed by his case investigators, whose testimony would have supported his defense. Petitioner includes with his § 2255 the investigators' interview memoranda as well as a recent notarized statement from the victim's ex-husband in which the ex-husband states that he believes petitioner is innocent.

## DISCUSSION

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court

2

was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The government moves to dismiss petitioner's § 2255 motion under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to state a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).

The government raises timeliness as grounds for dismissal. A motion under § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. § 2255(f)(1)–(4).

Petitioner's conviction became final in 2008 and, consequently, his § 2255 motion is procedurally barred as untimely. His investigators' interview memoranda of potential witnesses, which were written in 2006, are not new facts that restart the one-year clock under § 2255(f)(4). In addition, the ex-husband's notarized statement, written in 2018, is nothing more than an expression of his belief, after reflecting on the case over the past decade, that petitioner is innocent. It is his opinion, but it is does not represent new facts or evidence under § 2255(f)(4).

Nevertheless, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To be credible, petitioner must support his claims with new reliable evidence (e.g., exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence) that was not previously presented. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014).

Here, petitioner is not able to meet the high bar for an actual innocence showing even assuming the interview memoranda constituted new evidence. The memoranda record conversations with some potential witnesses whose testimony could bear favorably on petitioner's case if those witnesses gave the same account at trial. For example, the memoranda record interviews with petitioner's family members and friends in New York in which those individuals state that while in New York, victim seemed relaxed around petitioner and that the interviewees never personally witnessed petitioner confiscate victim's personal effects. There are also interviews, including one from victim's mother, that would tend to call into question victim's general propensity for truthfulness. The notarized statement from victim's ex-husband offers his opinion that he thought it was odd that victim seemed especially concerned with not having to testify, and that, after the case was over, victim seemed to put the incident behind her relatively quickly.

But none of this rises to the level of making it more likely than not that no reasonable juror would have convicted petitioner. Ultimately, nothing in the exhibits submitted with petitioner's § 2255 contradict the facts, as outlined in the presentence report, that resulted from

4

the government's investigation. The exhibits amount to (1) a series of non-eyewitness accounts that victim and petitioner seemed normal and friendly around each other, (2) some statements about victim's general propensity for truthfulness, but nothing with respect to this case, and (3) an opinion from victim's ex-husband that he believes petitioner is innocent. None of this makes it more likely than not that no reasonable juror would have convicted him.

Petitioner's § 2255 is procedurally barred as untimely and must be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, petitioner's motion [DE 93] is DENIED. The government's motion to dismiss [DE 100] is GRANTED. The § 2255 petition is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this **30** day of March, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE